UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAYARAM PLLC**, a New York Professional Services Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>**GOLDENBERRY FARMS LLC**, a Florida Limited Liability Company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff JAYARAM PLLC ("Jayaram" or "Plaintiff"), brings this action against the above-named Defendant, GOLDENBERRY FARMS LLC ("Goldenberry" or "Defendant"), and alleges as follows:

**Nature of the Action**

1. This action seeks damages in connection with Defendant's breach of a contract between Plaintiff Jayaram and Defendant Goldenberry. In the alternative, Jayaram is seeking damages against Goldenberry for quantum meruit and promissory estoppel.

2. Jayaram and Goldenberry first entered into an agreement for Jayaram to provide services to Goldenberry on March 26, 2024 (the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached hereto as Exhibit A.

3. After the Engagement Letter was executed, Jayaram provided services for Goldenberry, including but not limited to litigation regarding the enforcement of Goldenberry's trademarks (the "Services").

4. Jayaram submitted monthly invoices to Goldenberry, detailing the Services rendered and requesting prompt payment.

5. Goldenberry failed to pay Jayaram for these Services.

6. On June 12, 2024, to accommodate Goldenberry's cash flow issues, Jayaram entered into a Secured Lending Agreement (the "Lending Agreement") with Goldenberry in which Goldenberry agreed to pay its then outstanding balance of $66,605.02 via weekly progress payments of $2,500.00, and agreed that it would pay the total balance, which represented the outstanding balance of $66,605.02 plus simple interest of 8% per annum by August 31, 2024. A true and correct copy of the Lending Agreement is attached hereto as Exhibit B.

7. Goldenberry failed to meet its payment obligations under the Lending Agreement by wrongfully refusing to pay for Services rendered by Jayaram.

8. Goldenberry is indebted to Jayaram under the terms of the Engagement Letter and Lending Agreement in the amount of $79,355.86. This amount is comprised of $67,725.22 in past due outstanding fees under the Engagement Letter, $8,582.07 in interest per the Engagement Letter, and $3,048.57 in interest per the Lending Agreement, calculated as of November 25, 2024.

9. Accordingly, Jayaram brings this action against Goldenberry for breach of contract, and in the alternative for quantum meruit and promissory estoppel, based on Goldenberry's failure to provide payment in accordance with its obligations.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. Jayaram and Goldenberry are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of judgment interest and costs.

11. This court has personal jurisdiction over Goldenberry. Upon information and belief, Goldenberry transacted and continues to transact substantial business in this District, and Goldenberry has the requisite minimum contacts with this District. By conducting continuous and systematic business in this District, Goldenberry reasonably should expect its conduct to have consequences in this District.

12. Furthermore, pursuant to the Lending Agreement, Goldenberry expressly agreed that "[f]or purposes of litigating any dispute that may arise directly or indirectly from this Agreement, the parties hereby submit and consent to the exclusive jurisdiction of the state of New York and agree that any such litigation shall be conducted only in the courts of New York, or the federal courts of the United States located in New York and no other courts."

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). The Lending Agreement expressly states that "[t]he validity, interpretation, construction and performance of this Agreement, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the state of New York, without giving effect to principles of conflicts of law."

**The Parties**

14. Jayaram is a New York professional services limited liability corporation with its principal place of business in New York.

15. Goldenberry is a limited liability corporation organized and existing under the laws of Florida.

16. Upon information and belief, any members of Goldenberry are citizens of Florida.

17. Thus, complete diversity of citizenship exists between the Parties.

**Background Allegations**

18. Jayaram is a law firm specializing in advising clients on intellectual property and corporate matters.

19. Goldenberry retained Jayaram to represent Goldenberry in various disputes pertaining to its intellectual property.

20. Amongst other representative matters, Goldenberry retained Jayaram to act as its counsel of record in *Goldenberry Farms LLC v. Seasons Farm Fresh, Inc.*, Case No. 24-cv-21408, in the District Court for the Southern District of Florida (the "Seasons Farm Action").

21. In connection with these disputes, Jayaram provided Services to Goldenberry to enforce its intellectual property rights and Goldenberry promised to pay for those Services.

22. On or about March 26, 2024, Goldenberry entered into the Engagement Letter with Jayaram for the Services at issue.

23. Pursuant to the terms of the Engagement Letter, Jayaram was to provide monthly invoices upon completion of its Services that month, with payment due 30 days from receipt.

24. Pursuant to the Engagement Letter, Goldenberry agreed that if it did not pay any invoices within 30 days of delivery, it would be charged 1.5% interest every month on any outstanding amount.

25. Pursuant to the Engagement Letter, Jayaram fully performed and delivered the Services and otherwise fulfilled its contractual obligations under the Agreement and provided monthly invoices to Goldenberry.

26. Beginning in May 2024, Goldenberry failed to pay the invoices it received from Jayaram.

27. By June 2024, Goldenberry owed Jayaram an outstanding balance of $66,605.02 (the "Initial Balance") exclusive of the 1.5% interest incurred pursuant to the Engagement Letter.

28. Goldenberry represented that it had certain cash flow issues that prevented it from immediately paying Jayaram for its Services. Thus, on June 12, 2024, Jayaram entered into the "Lending Agreement" with Goldenberry in which Goldenberry agreed to pay the Initial Balance via weekly progress payments of $2,500.00.

29. Goldenberry required additional Services and requested that Jayaram continue its representation of Goldenberry. Accordingly, the Lending Agreement stated that the Initial Balance, "shall increase automatically from time to time in the amount of the Services [Jayaram] provides to [Goldenberry], as measured by time and materials in accordance with the Engagement Letter."

30. From July 2024 through August 2024, Goldenberry represented that payment would be forthcoming and continued to request legal representation from Jayaram.

31. On July 3, 2024, Goldenberry was issued an additional invoice for $16,311.40 in relation to Services rendered in June 2024 (the "July Invoice"). A true and correct copy of all invoices issued to Goldenberry is attached hereto as Exhibit C.

*32.* On August 6, 2024, Goldenberry was issued an additional invoice for $412.80 in relation to Services rendered in July 2024 (the "August Invoice"). *See* Exhibit C.

33. In total, Jayaram's fees for its Services amounted to $95,329.22.

34. From April 2024 to the date of this filing, Goldenberry has only remitted $27,604.00 to Jayaram. *See* Exhibit C.

35. As a result, the total outstanding amount due to Jayaram for Services is $67,725.22 (the "Principal Amount").

36. After July 15, 2024, Goldenberry failed to make any payments due and owing to Jayaram.

37. As of July 2024, Goldenberry defaulted on the Lending Agreement by failing to make payments towards the Principal Amount. Thus, all amounts owed pursuant to the Engagement Letter and Lending Agreement are immediately due and payable.

38. Per the Engagement Letter, Goldenberry owes $8,582.07 in 1.5% interest for its failure to pay invoiced amounts promptly.

39. Further, Goldenberry agreed that if it were to default upon the Lending Agreement, all unpaid fees would bear interest at the rate of 10% per annum until the Principal Amount was paid in its entirety.

40. Thus, at the time of this filing, Goldenberry owes $3,048.57 in interest pursuant to the Lending Agreement.

41. Each day Goldenberry fails to pay all outstanding amounts, the interest due increases.

42. On August 1, 2024. Jayaram filed its Uniform Commercial Code Financing Statement Form in Florida (the "UCC Statement") reflecting the debt owed by Goldenberry to Jayaram. A true and correct copy of the UCC Statement is attached hereto as Exhibit D.

43. At the time of this filing, Goldenberry owes Jayaram $79,355.86 (the "Total Outstanding Amount" in legal fees and interest per the Lending Agreement.

44. Pursuant to the terms of the Engagement Letter and Lending Agreement, Jayaram sent invoices each month to Goldenberry for Services rendered. Goldenberry routinely agreed and accepted Jayaram's statement of account, and acknowledged its obligation to pay.

45. Jayaram has performed its obligations under the Engagement Letter and Lending Agreement.

46. As of the date of the filing of this Complaint, Goldenberry has continued to wrongfully refuse to make any payment to satisfy the Total Outstanding Amount, and therefore remains indebted to Jayaram in the total amount of $79,355.86.

47. Goldenberry's debt to Jayaram increases each day it fails to pay the Principal Amount.

48. Jayaram has suffered damages as a result of Goldenberry's failure to pay all amounts owed under the Lending Agreement, the amount of which will be determined at trial.

49. All conditions precedent to bringing this action have occurred or been waived.

## COUNT I
### Breach Of the Engagement Letter

50. Jayaram repeats and realleges each and every allegation contained in Paragraphs 1 through 49 above as though fully set forth herein.

51. On or about March 26, 2024, Jayaram and Goldenberry entered into the Engagement Letter, a binding and enforceable written contract for Jayaram to deliver the Services to Goldenberry and for Goldenberry to make payment to Jayaram for those Services.

52. Jayaram has performed all of its services and obligations under the Engagement Letter by rendering the Services to Goldenberry.

53. Pursuant to the Engagement Letter, Goldenberry agreed to pay any outstanding fees to Jayaram.

54. Jayaram sent multiple invoices under the Engagement Letter to Goldenberry between May 2024 through August 2024.

55. Goldenberry breached the Engagement Letter by failing to pay all invoiced amounts.

56. Pursuant to the terms of the Engagement Letter, Jayaram sent invoices each month to Goldenberry for Services rendered. Goldenberry routinely agreed and accepted Jayaram's statement of account, and acknowledged its obligation to pay.

57. Further, Jayaram has repeatedly sent Goldenberry communications regarding its obligations to pay the outstanding debts under the Engagement Letter.

58. Pursuant to the Engagement Letter, Goldenberry agreed that if it did not pay any invoices within 30 days of delivery, it would be charged 1.5% interest every month on any outstanding amount.

59. At the time of the filing of this Complaint, Jayaram is owed at least $79,355.86 in unpaid legal fees and interest.

60. Goldenberry's failure to pay the amounts owed under the Engagement Letter in a timely manner as set forth herein has resulted in significant fees and costs to Jayaram and has caused Jayaram to suffer financial loss and damages in that it has not yet been compensated for its time and rendered Services.

61. As a direct and proximate result of Goldenberry's breach of the Engagement Letter and by its actions described herein, Goldenberry has damaged Jayaram, the amount of which will be determined at trial.

## COUNT II
### Breach of the Lending Agreement

62. Jayaram hereby realleges Paragraphs 1 through 61 as though fully set forth herein.

63. On or about June 12, 2024, Jayaram and Goldenberry entered into the Lending Agreement, a binding and enforceable written contract for Goldenberry to pay the Initial Balance via weekly progress payments of $2,500.00.

64. From July 2024 through August 2024, Goldenberry represented that payment would be forthcoming and continued to request legal representation from Jayaram. During this time, Goldenberry incurred an additional $16,724.20 in legal fees.

65. In total, Jayaram's fees for its Services amounted to $95,329.22. *See* Exhibit C.

66. From April 2024 to the date of this filing, Goldenberry has only remitted $27,604.00 to Jayaram. *See* Exhibit C.

67. After July 15, 2024, Goldenberry failed to make any payments due and owing to Jayaram and is currently in default on the Lending Agreement.

68. Goldenberry agreed that if it were to default upon the Lending Agreement, all unpaid fees would bear interest at the rate of 10% per annum until the Principal Amount was paid in its entirety.

69. Thus, at the time of this filing, Goldenberry owes $3,048.57 in interest on the Principal Amount.

70. Further, per the Engagement Letter, Goldenberry owes $8,582.07 in 1.5% interest for its failure to pay invoiced amounts promptly.

71. Each day Goldenberry fails to pay the Principal Amount, the interest due increases.

72. Jayaram has performed its obligations under the Lending Agreement.

73. As of the date of the filing of this Complaint, Goldenberry has continued to wrongfully refuse to make any payment to satisfy the Total Outstanding Amount, and therefore remains indebted to Jayaram in the total amount of at least $79,355.86.

74. Goldenberry's failure to pay the amount owed under the Lending Agreement in a timely manner as set forth herein has resulted in significant fees and costs to Jayaram and has

9

caused Jayaram to suffer financial loss and damages in that it has not yet been compensated for its time and Services.

75. As a direct and proximate result of Goldenberry's breach of the Lending Agreement, and by its actions described herein, Goldenberry has damaged Jayaram in an amount to be determined at trial, but no less than $79,355.86.

## COUNT III
## Quantum Meruit
### (In the alternative to Counts I and II)

76. Jayaram hereby realleges Paragraphs 1 through 49 as though fully set forth herein.

77. Jayaram pleads this claim for quantum meruit in the alternative to Count I and II for breach of contract.

78. Goldenberry requested and directed that Jayaram perform certain Services.

79. Jayaram timely performed and delivered all such Services.

80. In order to deliver the Services, Jayaram expended significant time and resources.

81. Performance and delivery of the Services by Jayaram directly benefitted and enriched Goldenberry at the expense of Jayaram.

82. Goldenberry was enriched by Jayaram's delivery of the Services.

83. Goldenberry has retained the value of Jayaram's Services. However, Jayaram has not been compensated for its Services.

84. Despite Jayaram's repeated requests, Goldenberry wrongfully refuses to pay Jayaram for its Services.

85. It is therefore against equity and good conscience to permit Goldenberry to retain the value of Jayaram's Services without compensation from Goldenberry.

## COUNT IV
## Promissory Estoppel

**(In the alternative to Counts I and II)**

86. Jayaram repeats and realleges each and every allegation contained in Paragraphs 1 through 49 above as though fully set forth herein.

87. Goldenberry requested and directed that Jayaram perform Services on its behalf.

88. This request was made by Goldenberry and was accompanied by a clear and unambiguous promise to pay Jayaram for the requested Services.

89. Jayaram reasonably and foreseeably relied on the promises made by Goldenberry that it would be compensated at the agreed-upon rate for its Services.

90. It was reasonable for Jayaram to rely on Goldenberry's promise to pay for Jayaram's Services based on phone calls and other interactions Jayaram had with Goldenberry as it provided Services for Goldenberry's active litigations.

91. As a result of Jayaram's reliance on Goldenberry's promise to pay for its Services, Jayaram was irreparably harmed by providing over $79,355.86 of Services without payment of its due fees and costs from Goldenberry.

92. It would be unconscionable for this Court to require the Goldenberry promise to be in writing, as it would allow Goldenberry to receive tens of thousands of dollars in free Services.

93. Therefore, Jayaram has a claim against Goldenberry in promissory estoppel for its uncompensated, and it is unconscionable to permit Goldenberry to retain the benefit of the value of Jayaram's Services, the final amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Jayaram Law, Inc. respectfully requests that this Court enter a judgment declaring as follows:

A. That the Engagement Letter and Lending Agreement are valid and enforceable agreements;

B. That Goldenberry breached the Engagement Agreement and Lending Agreement;

C. Awarding damages in the total amount of at least $79,355.86;

D. Alternatively, that Jayaram is entitled to the reasonable value of its services from Goldenberry under the theory of *quantum meruit*;

E. Alternatively, that Goldenberry has been unjustly enriched by its retention of the value of Jayaram's services;

F. Alternatively, that Goldenberry should be estopped from failing to pay the amounts promised to Jayaram;

G. Awarding Jayaram damages for the value of its services, in the total amount of at least $79,355.86; and,

H. Order such other and further relief the Court deems just and proper.

## Demand for Jury Trial

Plaintiff Jayaram hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: November 26, 2024

Respectfully submitted,

JAYARAM LAW, INC.

By: /s/ Danielle M. Audette

Danielle M. Audette
Vivek Jayaram  Jayaram Law PLLC

54 W. 21st Street, Suite 801<br>
New York, NY 10010<br>
Phone: 646-596-1322<br>
daudette@jayaramlaw.com<br>
vivek@jayaramlaw.com<br>
*Counsel for Plaintiff Jayaram, Inc.*